Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Ideavillage Products Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDEAVILLAGE PRODUCTS CORP., <br><br>*Plaintiff*<br><br>v.<br><br>SHENZHEN CITY POLY HUI FOREIGN TRADE CO., LTD. D/B/A A_BRILLIANT, ANYONE STORE, APHRODI STORE, BEAUTY HEALTHY LIFE, BEAUTYHEALTHBOX STORE, BEURHA FACTORY STORE, CHENGDU TONGXIANG FOREIGN TRADE CO., LTD., CIXI HAMER ELECTRIC APPLIANCE CO., LTD., DERMA99, DONGGUAN FUMEIKANG ELECTRICAL TECHNOLOGY CO., LTD., EASTERN, ESTA BONITO, GADGET DEALS STORE, GREATAMY KIDS GARMENT TRADING CO., LTD. D/B/A GREATAMY, GUANGZHOU VIGOWORLD CO., LTD., GUANGZHOU WELLTOP ELECTRONIC CO., LTD., HAPPINESSCARE STORE, HAPPYECIGARE CO., LTD., HEALTHY&BEAUTIFUL STORE, HEFEI MIYA HOME FURNISHINGS CO., LTD., SIXFEEL, I V MAKEUP STORE, IT'S A GOOD STORE, JIANGSHAN YAPAI | **17-cv-8704 (JGK)(BM)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

PLASTIC FACTORY, KBT VC STORE, LILY'S SUNSHINE STORE, LINGWEI YUNBUSINESS CO., LTD. D/B/A KYLIE JENNER, LINLIN BRILLIANT STORE, LYLO BUTY FACTORY STORE, MOONBIFFY STORE, NINGBO LANGMING IMPORT AND EXPORT LIMITED, ONLINE STORE 617807, PINGYANG MEIXUAN PLASTIC CRAFT MANUFACTURER, PINYANG HUANG TAI ELECTRONICS TECHNOLOGY CO., LTD., RUIAN QUNLI IMPORT & EXPORT CO., LTD, SHENZHEN ALIFE TECHNOLOGY CO., LTD., SHENZHEN BOLESIC ELECTRONICS CO., LTD., SHENZHEN CARRIE BEAUTY TRADE CO., LIMITED, SHENZHEN COSYLIFE TECHNOLOGY CO., LTD., SHENZHEN HAPPYMALL TECHNOLOGY LTD. , SHENZHEN JIMEI TECHNOLOGY DEVELOPMENT CO., LTD., SHENZHEN KIZOKU LIFE TECHNOLOGY CO., LTD., SHENZHEN PALMY GROUP TECHNOLOGY CO., LIMITED., SHENZHEN RONGYI TECHNOLOGY CO., LTD, SHENZHEN TOO-STAR TECHNOLOGY CO., LTD., SHENZHEN TWOSUCCESS ELECTRONIC CO., LTD., SHENZHEN VAPEUR TECHNOLOGY CO., LTD, SHENZHEN WATERCUBIC TECHNOLOGY CO., LTD., SHOP2946095 STORE, SHOP2992095 STORE, SHOPPING DISCOUNT CENTER STORE, SICHUAN MACHINERY IMP. & EXP. CO. LTD, SLPUMP, HEYDAY TRADING CO., LTD, TO LOVELINESS STORE, WELL TOP STORE, WENZHOU AOLANG ELECTRIC APPLIANCE CO., LTD., WENZHOU EASY FAR IMPORT & EXPORT CO., LTD., YIWU BETTER FUTURE IMPORT & EXPORT CO., LTD., YIWU CITY FEIZI E-COMMERCE CO., LTD, YIWU COKOO CO., LTD., YIWU COOT COMMODITY CO., LTD., YIWU FULLCOOK COMMODITY CO., LTD., YIWU H-DWISS ELECTRONIC COMMERCE CO. LTD,

YIWU HUAITI IMPORT AND EXPORT CO., LTD., YIWU LVSA TOY CO., LTD., YIWU MUHE HOUSEWARE CO., LTD, YIWU NEWBIE HOUSEHOLD ARTICLES CO., LTD., YIWU OMORE JEWELRY CO., LTD., YIWU OXFORD FASHION ACCESSORIES CO., YIWU QIANXIANG IMP&EXP CO., LTD, YIWU SATU LIFESTYLE CO., LTD., YONGKANG QIDA COMMERCE & TRADE CO., LTD, YUYAO KAIJIA ELECTRIC APPLIANCE FACTORY, YUYAO NUOYUAN ELECTRONIC CO., LTD., AND ZHENGZHOU ALL FOR U TRADING CO., LTD.,

*Defendants*

This matter comes before the Court upon Order to Show Cause Why a Default Judgment and a Permanent Injunction Should Not Issue by Plaintiff Ideavillage Products Corp. ("IDEAVILLAGE" or "Plaintiff") for the entry of a final judgment and permanent injunction by default against the following forty-three (43) Defendants: Shenzhen City Poly Hui Foreign Trade Co., Ltd. d/b/a A_brilliant, Anyone Store, Aphrodi Store, Beauty healthy life, BeautyHealthBox Store, Chengdu Tongxiang Foreign Trade Co., Ltd., Cixi Hamer Electric Appliance Co., Ltd., Derma99, Dongguan Fumeikang Electrical Technology Co., Ltd., EasTern, Esta Bonito, Guangzhou Vigoworld Co., Ltd., HappinessCare Store, Happyecigare Co., Ltd., It's a good Store, Ningbo Langming Import And Export Limited, Pingyang Meixuan Plastic Craft Manufacturer, Pinyang Huang Tai Electronics Technology Co., Ltd., Ruian Qunli Import & Export Co., Ltd, Shenzhen Alife Technology Co., Ltd., Shenzhen Carrie Beauty Trade Co., Limited, Shenzhen Cosylife Technology Co., Ltd., Shenzhen Happymall Technology Ltd., Shenzhen Palmy Group Technology Co., Limited., Shenzhen Rongyi Technology Co., Ltd, Shenzhen Too-Star Technology Co., Ltd./TOO-STAR TECHNOLOGY CO.,LTD, Shenzhen Twosuccess Electronic Co., Ltd., Shenzhen Vapeur Technology Co., Ltd, Shopping Discount Center Store, Sichuan Machinery Tools Imp. & Exp. Co. Ltd, Wenzhou Aolang Electric Appliance Co., Ltd., Yiwu Better Future Import & Export Co., Ltd., Yiwu City Feizi E-Commerce Co., Ltd, Yiwu Coot Commodity Co., Ltd., Yiwu Fullcook Commodity Co., Ltd., Yiwu H-Dwiss Electronic Commerce Co. Ltd, Yiwu Newbie Household Articles Co., Ltd., Yiwu Omore Jewelry Co., Ltd., Yiwu Oxford Fashion Accessories Co., Yiwu Qianxiang Imp&Exp Co., Ltd, Yiwu Satu Lifestyle Co., Ltd., Yuyao Kaijia Electric Appliance Factory and Zhengzhou All For U Trading Co., Ltd. (collectively, hereinafter referred to as "Defaulting Defendants") for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off, unfair competition,

copyright infringement and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Touch Marks and Touch Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying offering for sale and/or selling offering for sale and/or sale of Counterfeit Products and/or Infringing Products.[1]

The Court, having considered the Affidavit of Spencer J. Wolgang in support of Plaintiff's Order to Show Cause Why a Default Judgment and a Permanent Injunction Should Not Issue ("OSC for Default Judgment"), the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court and upon all other pleadings and papers on file in this Action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

## II.   Damages Award

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham and Copyright Acts' prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its OSC for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded fifty thousand dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages against each of the forty-three (43) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act and/or

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint or Application.

Section 504(c) of the Copyright Act for a total of $2,150,000.00 (Two Million One Hundred Fifty Thousand Dollars) ("Defaulting Defendants' Collective Damages Award") and post-judgment interest;

### III.     Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order, including, without limitation, any: (1) banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com and Aliexpress.com ("Alibaba") and Dunhuang Group d/b/a DHgate.com ("DHgate") payment services (*e.g.*, Alipay.com Co., Ltd., Ant Financial Services Group or DHpay.com) (hereinafter collectively referred to as "Financial Institutions") and (2) Alibaba.com, AliExpress.com and DHgate.com ("Digital Marketplaces") (hereinafter collectively referred to as the "Restrained Persons") are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products and/or Infringing Products or any other products bearing the Touch Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Touch Marks and/or incorporating the Touch Works and/or artwork that is substantially similar to, identical to and constitute infringement of the Touch Works;

3

B. directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Touch Marks or Touch Works;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Touch Marks and Touch Works to identify any goods or services not authorized by Plaintiff;

D. using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Touch Marks and Touch Works, or any other marks or artwork that are confusingly or substantially similar to the Touch Marks and Touch Works on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and/or Infringing Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

    F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

        i. any and all websites and/or Defaulting Defendants' Online Accounts (as defined *infra*), which include, without limitation, the User Accounts through which Defaulting Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defaulting Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them including, without limitation, those owned and operated, directly or indirectly, by the Restrained Persons ("Defaulting Defendants' Online Accounts");

        j. Defaulting Defendants' Assets (as define *infra*), and

        k. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

G. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money, securities or other property or assets of Defaulting Defendants (whether

    said assets are located in the U.S. or abroad) ("Defaulting Defendants' Assets") from or to accounts associated with or utilized by any Defaulting Defendant or any Defaulting Defendants' Online Account(s) (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Financial Accounts") until further ordered by this Court;

  H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products and/or Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Default Judgment Order;

  I. providing services to Defaulting Defendants and Defaulting Defendants' Online Accounts or User Accounts, including, without limitation, continued operation of Defaulting Defendants' Online Accounts or User Accounts; and

  J. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs (II)(1)(A) through (I) *supra*.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and/or Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the

Touch Marks or Touch Works, or bear any marks that are confusingly or substantially similar to the Touch Marks and Touch Works pursuant to 15 U.S.C. § 1118;

### IV.     Post-Judgment Asset Transfer and Asset Freeze Order

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action, (collectively, "Defaulting Defendants' Frozen Assets" and "Defaulting Defendants' Frozen Accounts," respectively), are, to the extent that a given Defaulting Defendant's Frozen Assets equal the Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant, and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such Defaulting Defendant's Frozen Assets in full satisfaction of the Defaulting Defendants' Individual Damages Award, the Financial Institution(s) holding that Defaulting Defendant's Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendant's Frozen Assets and Defaulting Defendant's Frozen Accounts.  To the extent that a Defaulting Defendant's Frozen Assets are less than the Defaulting Defendants' Individual Damages Award, that Defaulting Defendant's Frozen Assets are hereby released

and transferred to Plaintiff as partial satisfaction of the Defaulting Defendants' Individual Damages Award for that Defaulting Defendant and those Defaulting Defendant's Frozen Assets shall be transferred to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order; and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendant's Frozen Assets until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to them by that Defaulting Defendant under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rules 64, 65 and/or 69 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of the Defaulting Defendants' Individual Damages Award owed to it by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional

Financial Accounts," respectively), Plaintiff shall have the ongoing authority to serve this Default Judgment Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

    A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

    B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of the Defaulting Defendants' Individual Damages Award, unless Defaulting Defendant has filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

### V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants'

Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, but including fines and seizure of property;

3) The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with the action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Default Judgment Order.

**SO ORDERED.**

SIGNED this __22__ day of ____April____, 2020
New York, New York

                                                  /s/ John G. Koeltl
                                        HON. JOHN G. KOELTL
                                        UNITED STATES DISTRICT JUDGE